**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERSON GARRIDO RUIZ, | No. 22-1463 |
| Petitioner, | Agency No. A205-022-828 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023**
San Francisco, California

Before:  S.R. THOMAS, and MENDOZA, Circuit Judges; and OLIVER, Jr.***

Gerson Garrido Ruiz, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Solomon Oliver, Jr.,  Senior Judge for the Northern District of Ohio, sitting by designation.

from an Immigration Judge's ("IJ") denials of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA adopts and affirms an IJ's decision and cites *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994), this Court reviews both the IJ's and BIA's decisions. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

We review for substantial evidence the agency's denials of asylum, withholding of removal, and CAT relief. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We may not reverse the agency's decision "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Ruiz-Colmenares*, 25 F.4th at 748. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition for review.

I

Substantial evidence supports the BIA's conclusion that Garrido Ruiz did not establish the required nexus for asylum or withholding of removal. To meet the nexus requirement, a noncitizen must show that a protected ground was "a reason" (withholding of removal) or "one central reason" (asylum) that he has been

2

or will be harmed. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017) (citing 8 U.S.C.§§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C)).

Here, Garrido Ruiz contends that he was targeted by the MS-13 gang on account of his membership in the particular social group of "former Salvadoran military officer[s] with training and ability to access military information." However, the BIA determined that that the gang who targeted Garrido Ruiz did so in an attempt to forcibly recruit him. This conclusion is supported by substantial evidence. The vague language used by gang members during encounters with Garrido Ruiz, even within the context of past interactions, does not compel the conclusion that his status as a former Salvadoran military officer was "a reason" or "one central reason" that the gang members targeted him. *See id.* Garrido Ruiz also waived his political opinion based claim by failing to present testimony on the issue or asserting such a claim in his written closing arguments before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019)(holding that the BIA "does not per se err when it concludes that arguments raised for the first time on appeal do not have to be entertained")(emphasis omitted).

II

Substantial evidence supports the agency's conclusion that Garrido Ruiz failed to demonstrate eligibility for CAT protection. To demonstrate eligibility for

CAT protection, an applicant must show "it is more likely than not he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). The regulations define torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Here, the evidence does not compel the conclusion that Garrido Ruiz will be tortured if he returns to El Salvador. The evidence suggests that the general violence in El Salvador is declining and twelve years had passed since Garrido Ruiz's last incident of torture before he appeared in front of the IJ. Additionally, the news reports provided by Garrido Ruiz are too attenuated from his specific circumstances to show a clear probability of torture.

**PETITION DENIED.**